IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| WILLIAM STAPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-cv-1296 |
| ) | |
| JOHANNA CHRISTIANSEN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Plaintiff William Staples' Objection to Removal of Civil Case from the State Court (d/e 3) (Objection). For the reasons set forth below, the Objection should be overruled and the matter should remain before this Court.

### STATEMENT OF FACTS

On May 20, 2013, Staples filed this action against Defendant Johanna Christiansen in Peoria County, Illinois, Circuit Court. <u>Notice of Removal of Civil Action (d/e 1) (Notice of Removal)</u>, attached <u>Complaint</u>. Staples alleged that he was a federal prisoner in prison facility in Minersville, Pennsylvania. <u>Complaint</u>, at 1. Staples alleges that, "Defendant Johanna Christiansen, an Attorney at Law, is being sued in her

individual and official capacity and her place of employment is/was Federal Public Defender, 410 Main Street, Suite 1500, Peoria, Illinois." Id.

Staples alleges that Christiansen was appointed to represent Staples in a direct appeal of his conviction in a federal criminal proceeding. He alleges that she misrepresented to him that she was representing him pro bono, when in fact she was paid by the opposing party, the federal government. See Complaint, ¶¶ 2, 7 n.1. Based on these allegations, Staples brings claims for constructive fraud, fraudulent concealment, and actionable fraud. Complaint, at 1.

Staples served Christiansen on June 4, 2013. Notice of Removal, ¶ 3. Staples does not dispute the date of service. On July 2, 2013, Christiansen removed this action pursuant to 28 U.S.C. § 1442(a)(1). Staples objects to the removal because he has alleged common law claims. He argues that this Court lacks removal jurisdiction over such claims. Objection ¶¶ 2-3. Staples is incorrect.

Removal is proper here because Staples brings this action against Christiansen for the actions she took in defending him as a federal official employed by the Federal Public Defender's office. Section 1442(a)(1) provides that, "a civil action commenced in a State court against . . . any

officer (or person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office" may be removed to federal court.  28 U.S.C. § 1442(a)(1).  The Seventh Circuit Court of Appeals explained that the common law source of a plaintiff's claims is not controlling in such cases, "The provision [§ 1442(a)(1)] is an exception to the 'well-pleaded complaint' rule, which provides that for non-diversity cases to be removable, the complaint must establish that the case arises under federal law."  Rodas v. Seidlin, 656 F.3d 610, 617 (7th Cir. 2011).  Instead, the fact that the claim is against a federal official acting under color of her office controls whether the case is removable under § 1442(a)(1).  Congress long ago provided federal officials with a federal forum to defend against such state law claims,

> The forebear of Section 1442(a)(1) was enacted near the end of the War of 1812 "in an attempt to protect federal officers from interference by hostile state courts."  One of its primary purposes . . . was to have federal officers' defenses to state-law actions litigated in federal courts. . . .  "In cases like this one, Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum."

Rodas, 656 F.3d at 617 (quoting Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 n. 12 (2006); and Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 147 (2007)) (internal citations omitted).

In this case, Staples alleges claims against Christiansen for the representations she allegedly made and the actions she allegedly took in her position as a federal public defender employed by a federal agency, the Office of the Federal Public Defender. The case is therefore removable under § 1442(a)(1) regardless of whether the claims are common law claims.

Staples also asserts that removal jurisdiction in this case is unconstitutional. That is incorrect. Removal jurisdiction under § 1442(a)(1) is constitutional. <u>Mesa v. California</u>, 489 U.S. 121, 128 (1989).

Staples last argues, without citation to any authority, that this Court has a conflict of interest. The fact that this Court is a federal forum does not create a conflict of interest. Congress long ago determined that a federal official is entitled to a federal forum to defend claims against her for her actions taken under color of her office. <u>Rodas</u>, 656 F.3d at 617. This case is properly removed to this Court.

WHEREFORE this Court recommends that Plaintiff William Staples' Objection to Removal of Civil Case from the State Court (d/e 3) should be overruled and this case should remain before this Court.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within

fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See <u>Local Rule</u> 72.2.


ENTER:  July 23, 2013


<u>s/ Byron G. Cudmore</u><br>UNITED STATES MAGISTRATE JUDGE