# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| WILLIAM N. STAPLES, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-1296 |
| JOHANNA CHRISTIANSEN, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Johanna Christiansen's Motion to Dismiss (d/e 5) (Motion). For the reasons set forth below, the Motion should be allowed.

## STATEMENT OF FACTS

For purposes of the Motion, the Court assumes the factual allegations in the Complaint are true and draws all inferences in favor of Plaintiff Staples. Case v. Milewski, 327 F.3d 564, 565 (7th Cir. 2003). Staples alleges that he was a defendant in a federal criminal proceeding, United States of America v. William Staples, a.k.a. Robin A. Booker. He alleges that he is currently incarcerated in federal prison. Notice of Removal of Civil Action (d/e 1), attached Complaint, ¶ 4.

Defendant Johanna Christiansen is an attorney employed by the Federal Public Defender's Office. Staples alleges that Christiansen was appointed to represent him in his appeal of his conviction in this case. He alleges the appellate docket number was 05-4037. Christiansen submits documents indicating that the conviction occurred in the U.S. District Court for the Eastern District of Wisconsin and the appeal was before the Seventh Circuit Court of Appeals. <u>Motion</u>, attached <u>Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss</u>, attached <u>U.S. v. Staples, Seventh Cir. Ct. App. Case No. 05-4037, Order entered December 1, 2006 (December 1, 2006 Order)</u>.[1]

Staples alleges, "The defendant was hired to represent Plaintiff and did mislead Plaintiff to believe that she was PRO BONO." <u>Complaint</u>, ¶2 (emphasis in the original). Staples further alleges,

> On or about December, 2005, Defendant Christiansen was appointed to represent me on the Direct Appeal case No. 05-4037. Plaintiff was lead to believe that defendant was representing him/Plaintiff Pro Bono. Defendant did not at any time inform Plaintiff during her representation <u>during</u>, <u>before</u>, nor <u>after</u> that her representation for her services was not free. Thu[s] Plaintiff being a layman at law was mislead (sic) to believe that Defendant was not Pro Bono.

<u>Complaint</u>, ¶ 7 (emphasis in the original) (footnote omitted).

---

[1] This Court may consider matters of public record when ruling on a motion to dismiss. <u>See</u> <u>Henson v. CSC Credit Services</u>, 29 F.3d 280, 284 (7th Cir. 1994).

Staples alleges that Christiansen received third party payments in the form of her salary as an attorney in the Federal Public Defender's Office. He alleges that those payments were made without his knowledge or consent and that Christiansen violated American Bar Association (ABA) ethical rule 1.8(f) and other ethical rules by not disclosing the payments to him and securing a waiver from him.  Complaint, ¶ 7 n.1.  Staples alleges that Christiansen breached her fiduciary duty to him as her client by failing to disclose her employment to him.  He alleges that this breach of fiduciary duty was willful.  He alleges that he was injured because, "Defendant **robbed** Plaintiff of his right to full and complete disclosure ABA rule 1.8(f) . . . ."  Complaint, ¶ 16 (emphasis in the original).

Based on these allegations, Staples brings claims for constructive fraud, fraudulent concealment, and actionable fraud.  Complaint, at 9.  Christiansen moves to dismiss.  Staples opposes the Motion, but in the alternative asks for leave to amend his Complaint.  Plaintiff's Response to the Defendant's Motion to Dismiss and Plaintiff's Motion to Amend/Supplement His Complaint (d/e 10).

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted.

Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

  To state claim for fraud, a plaintiff must allege (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent to induce the plaintiff to act; (4) plaintiff's reliance to his detriment; and (5) damage to the plaintiff. Connick v. Suzuki Motor Co.,

Ltd., 174 Ill.2d 482, 496, 675 N.E.2d 584, 591 (Ill. 1996).  To state a claim for fraudulent concealment, a plaintiff must allege the elements of fraud and also that the defendant concealed a material fact when she was under a duty to disclose that fact to the plaintiff.  W.W. Vincent and Co. v. First Colony Life Ins. Co., 351 Ill.App.3d 752, 762, 814 N.E.2d 960, 969 (Ill. App. 1st Dist. 2004).  Moreover, Staples must plead the fraud with particularity.  Fed. R. Civ. P. 9(b).  The plaintiff must plead the specific time, place, and content of the defendant's fraudulent conduct.  See Graue Mill Development Corp. v. Colonial Bank & Trust Co. of Chicago, 927 F.2d 988, 992-92 (7th Cir. 1991).

Under these principles, Staples fails to state a claim for fraud and fraudulent concealment.  Staples fails to plead with particularity.  Staples pleads only generally that Christiansen misled him, or that he was misled into believing that she was representing him pro bono.  These general allegations are inadequate under Rule 9.  See e.g., Lee v. Bos, 874 F.Supp.2d. 3, at 7-8 (D.D.C. 2012).

In addition, Staples fails to plead any facts to show that Christiansen acted with the intent to induce Staples to act.  Christiansen was appointed by the Court of Appeals.  Complaint, ¶ 7.  She did not trick him into hiring

her.  Staples does not allege that Christiansen tried to induce him to do anything.

Staples also fails to plead any damage.  Damage means "a loss, hurt or harm which results from the injury."  Dloogatch v. Brincat, 396 Ill.App.3d 842, 851, 920 N.E.2d 1161, 1169 (Ill. App. 1st Dist. 2009).  Damage is an essential element of fraud.  City of Chicago v. Michigan Beach Housing Co-op., 297 Ill.App.3d 317, 323, 696 N.E.2d 804, 809 (Ill. App. 1st Dist. 1998).  Staples only alleges a lack of full disclosure.  He fails to allege that he suffered a hurt or harm.  See City of Chicago v. Michigan Beach Housing Co-op., 696 N.E.2d at 809-10 (Chicago's fraud claim failed because it did not show any actual injury).  He fails to allege a claim for fraud or fraudulent concealment.

Staples also fails to allege a claim for constructive fraud.  To state a claim for constructive fraud, Staples must allege a confidential relationship under which the defendant owed a fiduciary duty to the plaintiff, a breach of that fiduciary duty, and either injury to the plaintiff or benefit to the defendant fiduciary.  See Illinois Rockford Corp. v. Kulp, 41 Ill.2d 215, 224, 242 N.E.2d 228, 234 (Ill. 1968); Hoopingarner v. Stenzel, 329 Ill.App.3d 217, 278, 768 N.E.2d 772, 779 (Ill. App. 3d Dist. 2002).  Staples alleges

that a fiduciary relationship existed because Christiansen represented Staples on his appeal.

Staples, however, does not allege a breach of fiduciary duty. He does not allege facts that would establish that Christiansen knew that Staples did not understand that a public defender was a salaried government employee. Christiansen would have no duty to disclose something so obvious unless she was aware of Staples' misapprehension. Staples fails to plead any fact on this issue. He pleads only vague conclusions. Such conclusions fail to show a plausible basis for this element of his claim. See Ashcroft v. Iqbal, 556 U.S. at 678.

Staples also does not allege an injury to himself or a benefit to Christiansen. Staples, again, only alleges a lack of disclosure without any harm from that lack of disclosure. He also alleges no benefit to Christiansen. As a salaried employee, she gained nothing from handling any particular case. Staples fails to state a claim. This Court recommends that the Complaint should be dismissed.[2]

---

[2] Christiansen also argues that the Complaint is barred by the statute of limitations. The Court does not address this issue since the Complaint fails to state a claim regardless of the statute of limitations. The Court notes that Staples alleges that he discovered that Christiansen was a government employee, but he does not allege the date that he made that discovery. Complaint, ¶ 7 n. 1. The date that Staples could have made this discovery through the exercise of reasonable diligence appears to be a factual issue at this time. See Bashton v. Ritko, 164 Ill.App.3d 37, 517 N.E.2d 707, 710 (Ill. App. 3$^d$ Dist. 1987).

In the alternative, Staples asks for leave to amend his Complaint. Normally, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).  Leave to amend may be denied, however, when the amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182 (1962).  In this case, an amendment would be futile because Staples suffered no injury.

The only possible injury that Staples could add in an amended complaint would be the loss of his appeal.  Staples, however, cannot challenge his conviction in a civil tort suit.  See Kramer v. Dirksen, 296 Ill.App.3d 819, 822-23, 695 N.E.2d 1288, 1290-91 (Ill. App. 1st Dist. 1998). Federal law agrees with Illinois law that a civil tort suit cannot be used to attack a criminal conviction.  Heck v. Humphrey, 512 U.S. 477, 485 (1994) (recognizing the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."). Thus, Staples cannot challenge the fact that he was properly convicted in this tort action.  Since Staples' conviction was proper, he suffered no injury from Christiansen's representation on appeal.  Without an injury, Staples' attempt to amend his claim would be futile.  His request for leave to amend should be denied.

WHEREFORE THIS COURT RECOMMENDS that Defendant Johanna Christiansen's Motion to Dismiss (d/e 5) should be allowed.  This case should be dismissed.  Staples' request to amend his complaint should be denied.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   October 17, 2013

                                   s/ Byron G. Cudmore
                            UNITED STATES MAGISTRATE JUDGE